# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 19-po-0044 RB-KRS**

**MAGDALY SULEYDY PEREZ-VELASQUEZ,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Magdaly Perez-Velasquez appeals the judgment and conviction imposed by United States Magistrate Judge Kevin R. Sweazea on January 23, 2019, and entered on January 28, 2019. (Doc. 18.) Defendant was found guilty of illegal entry without inspection in violation of 8 U.S.C. § 1325(a)(1). (Doc. 16.) She argues that Judge Sweazea incorrectly applied the law regarding the definition of "entry" and the doctrine of official restraint, and that the Court erred when it found that she was not under constant surveillance as she crossed the border. (*See* Doc. 25 at 9.) This Court previously declined to adopt the Ninth Circuit's doctrine of surveillance as official restraint in the criminal context. *See United States v. Gaspar-Miguel*, 362 F. Supp. 3d 1104, 1107 (D.N.M. 2019), *appeal docketed*, No. 19-2020 (10th Cir. Feb. 5, 2019). The Court declines to reconsider the issue here. Thus, the judgment of the United States Magistrate Judge finding Defendant guilty of entry without inspection in violation of 8 U.S.C. § 1325(a)(1) **is affirmed**.

## I.　　Background[1]

Defendant is a citizen of Guatemala. (Doc. 22 at 13:8–12, 44:9–18, 92:2–6.) Around 1:30 p.m. on January 6, 2019, United States Border Patrol Agent Roberto Tellez was conducting line

---

[1] The Court recites only that factual and procedural background necessary to resolve this appeal. "The record consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries." Fed. R. Crim. P. 58(g)(2)(b).

watch duties when he "saw three individuals[,]" including Defendant, "crossing into the United States where the fence ends in Sunland Park, New Mexico." (*See id.* at 10:11–11:10, 11:14–16.) Agent Tellez approached the individuals in his marked vehicle and they admitted that they were not citizens of the United States and had crossed the border without documentation. (*See id.* at 11:24–13:22.)

During Defendant's bench trial on January 23, 2019, Agent Tellez testified that "at [no] point in time did [he] see the Defendant when she was on the Mexican side of the wall[.]" (*Id.* at 24:19–21.) He also testified, however, that he "observed three individuals cross into the United States illegally" (*id.* at 33:2–3), and that his view of Defendant "as she was crossing into the United States[] was unobstructed . . . ." (*Id.* at 35:9–11.) After the Government presented its evidence, Defendant moved for a judgment of acquittal, arguing that freedom from official restraint is a required element of "entry" into the United States and that she was never free from official restraint because Agent Tellez was continuously watching her as she crossed the international border and until she was apprehended. (*See id.* at 58:2–20.)

At the close of trial, Judge Sweazea made a finding of fact that Agent Tellez "was looking perpendicular down the fence and couldn't see through it so [he] did not see the Defendant or the other two people who were with her approach the fence or actually cross the international boundary." (*Id.* at 78:5–9.) He denied Defendant's motion for acquittal, noting that "[t]he Court declines to adopt the construct [of] official restraint, and particularly the construct of continuous surveillance equating with official restraint." (*Id.* at 92:21–23.) He did note, however, that even if "the issue of official restraint and continuous surveillance were the law of the Tenth Circuit, . . . the Court would find that based upon the facts of this case[] the Defendant has not demonstrated, and . . . the Government has proven by the necessary standard of proof[,] that it is inapplicable."

(*Id.* at 94:9–14.) Defendant appeals both the Magistrate Judge's decision not to apply the doctrine of surveillance as official restraint and his factual finding that Defendant was not continuously observed by Agent Tellez as she crossed the border. (*See* Doc. 25 at 9.)

## II. Standard of Review

The Court has jurisdiction in this matter under 18 U.S.C. § 3402: "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." However, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). The Court will review "the legal conclusions de novo and factual findings for clear error." *United States v. Morrison*, 415 F.3d 1180, 1184 (10th Cir. 2005). The Court must "review the record for sufficiency of the evidence . . . to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt . . . ." *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (citations omitted).

## III. Discussion

Just two days after Defendant's bench trial, this Court affirmed a similar conviction and held that "freedom from official restraint is a required element of 'entry' in the immigration context, but that continuous surveillance by law enforcement does not qualify as 'official restraint' for purposes of 8 U.S.C. § 1325(a)." *Gaspar-Miguel*, 362 F. Supp. 3d at 1121. The Court thoroughly analyzed the history and evolution of the doctrine of official restraint in the immigration context and incorporates by reference here the Memorandum Opinion and Order in *United States v. Gaspar-Miguel. See id.* Of particular note, the Court reasoned that "the Tenth Circuit has never explicitly adopted or rejected the concept of surveillance as constructive official

restraint[,]" but "the Court finds it likely that, given the Fifth Circuit's well-articulated concerns about the concept of surveillance as official restraint and the Ninth Circuit's unique position applying the doctrine in criminal cases, the Tenth Circuit will decline to adopt the concept of surveillance as constructive restraint." *Id.* at 1119.

Defendant urges the Court, "[w]ith all due respect," to essentially reconsider its decision in *Gaspar-Miguel* by reevaluating the same caselaw and legal arguments that it carefully considered in that case. (*See* Doc. 25 at 13.) The Court declines to do so. To the extent that the Magistrate Judge "decline[d] to adopt the construct [of] official restraint" in its entirety, (Doc. 22 at 92:21–23), the Court clarifies that freedom from official restraint remains an element of "entry" whenever entry is a required element in a criminal or civil immigration proceeding. *See Gaspar-Miguel*, 362 F. Supp. 3d at 1121. However, Defendant's argument on appeal is entirely dependent on considering continuous surveillance by law enforcement to be a form of official restraint, which the Court has explicitly declined to do in the § 1325(a) context. (*See* Doc. 25 at 12–24.) *See also Gaspar-Miguel*, 362 F. Supp. 3d at 1121.

Thus, the Magistrate Judge's expressions of "discontent with the doctrine of official restraint" and musings that established seizure and custody law might be a better fit for defining entry (*see* Doc. 25 at 21 (citing Doc. 22 at 79:1–80:25)) were not dispositive. Defendant's conviction was based on a rejection of the claim that Agent Tellez's continuous observation of Defendant as she crossed the border would negate her "entry" into the United States (*see* Doc. 22 at 92:19–23), and the Court affirms that holding.

Similarly, the Court need not reconsider the Magistrate Judge's factual finding that Agent Tellez "did not see the Defendant or the other two people who were with her approach the fence or actually cross the international boundary" (*id.* at 78:5–9), because even if this factual finding

4

were clearly erroneous, it would have no effect on Defendant's conviction because this Court has rejected the Ninth Circuit's construction of continuous surveillance as constructive restraint. A de novo review of the Magistrate Judge's legal conclusions leaves no question that "a reasonable jury could find the defendant guilty beyond a reasonable doubt . . . ." *Diaz*, 679 F.3d at 1187 (citations omitted).

Thus, there was sufficient evidence in the record to find that Ms. Perez-Velasquez (1) is not a citizen of the United States; and (2) entered the United States at a place other than a designated port of entry. Her conviction for entry without inspection in violation of 8 U.S.C. § 1325(a) is **AFFIRMED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**